PER CURIAM.
Evelyn I. Windham appeals a final judgment for a deficiency entered in this mortgage foreclosure action. The deficiency judgment arose out of a transaction in which Mrs. Windham was obligated on the note and mortgage covering certain indebtedness created by the purchase of a condominium unit in Sun King Towers. Mrs. Windham subsequently sold the unit to Ms. Beets, who was permitted to assume the existing note and mortgage by AmSouth Bank of Florida. As a defense to the foreclosure action, Mrs. Windham contended that she had been released by AmSouth by certain oral representations made by its representatives, and that AmSouth was es-topped to contest this release by reason of its conduct subsequent to AmSouth’s approval of Ms. Beets’s assumption of the note and mortgage. The documents as amended required AmSouth to execute a written release of liability before Mrs. Windham would be relieved of her liability on the note and mortgage, notwithstanding the assumption by Ms. Beets. The trial court entered judgment of foreclosure and a deficiency against Mrs. Windham on findings that the alleged oral release was ineffective in view of the requirement of a written release, and that Mrs. Windham had failed to prove the requisite elements of estoppel.
During trial, the court admitted testimony from Mrs. Windham that Kimberly Smith, an employee of AmSouth’s agent, Southern American Mortgage Company, specifically told her that she was released from liability under the mortgage for which Ms. Beets had qualified for assumption. We agree with Mrs. Windham that the court erroneously struck, on grounds of hearsay, certain testimony elicited from Ms. Smith’s co-employee, Scott Jennings, that Ms. Smith had also told him that Mrs. Windham was released from the mortgage. We likewise agree with Mrs. Windham that the trial court erred in excluding as hearsay Mr. Windham’s testimony regarding what Mr. Baker, a vice-president of Southern American Mortgage Company, had told him in respect to Mrs. Windham being released from the mortgage and note upon Ms. Beets’s assumption thereof.[1] This testimony was erroneously characterized as hearsay as it was not adduced to prove the truth of the statement but only to prove that AmSouth, through its agents, had made certain statements to Mr. and Mrs. Windham on which the latter had relied to her detriment. § 90.801, Fla.Stat. (1989).
AmSouth’s counsel conceded at oral argument that this hearsay ruling was error, but argues it was harmless. We agree with AmSouth that this error was harmless when considered under all the circumstances shown in the record. We note in particular that the record fails to contain evidence of any significant change in position by Mrs. Windham in detrimental reliance on the statements of Mr. Baker or of Ms. Smith, the Southern American loan processor who handled the closing, advising Mrs. Windham that she had been released on the mortgage and note. While Mrs. Windham indicated that after learning of these statements she relied on them by “negotiating” with Southern American to buy other units at Sun King Towers, it does not appear that she ever completed any purchase and thereby incurred to her detriment additional indebtedness that impaired her ability to meet her continued liability on the note and mortgage assumed by Beets. Therefore, we affirm the trial court’s ruling that Mrs. Windham was never released in writing as required by the transaction documents, and that AmSouth was not estopped by reason of its subse *632 quent conduct to insist that no release of Mrs. Windham had occurred.
AFFIRMED.
ZEHMER, BARFIELD and WOLF, JJ„ concur.

. The proffered testimony was that Mr. Baker stated, "Peggy Beets had been qualified for the loan on 6-D ... and that would free us up to look at the other properties.”